United States Bankruptcy Court

Northern District of California

In re **Mountain Investments, LLC**
Debtor(s)

Case No. **16-50906**
Chapter **11**

# MOUNTAIN INVESTMENTS LLC'S (PROPOSED) PLAN OF REORGANIZATION, DATED December 6, 2019

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Mountain Investments, LLC (the "Debtor") from future rental income.

This Plan provides for 7 classes of unsecured claims; 1 class of unsecured claims and 1 class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 3.9 cents on the dollar. This Plan also provides for the payment of administrative claims on the effective date of the plan and priority claims over a period not exceeding five years from the order for relief.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1.    U.S. Bank Trust N.A.

2.02 Class 2.    Bank of America N.A.

2.03 Class 3.    Bank of America N.A.

2.04 Class 4.    Bank of America N.A.

2.05 Class 5.    Specialized Loan Servicing, LLC.

2.06 Class 6.    U.S. Bank Trust N.A.

2.07 Class 7.    U.S. Bank N.A.

2.08 Class 8.    General Unsecured Creditors

2.09 Class 9.    Equity Interest Holders

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims.    Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

      3.02    <u>Administrative Expense Claims</u>.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article IX), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

      3.03    <u>Priority Tax Claims</u>.   Each holder of a priority tax claim will be paid as follows:

      (1)   The Franchise Tax Board will be paid in full in monthly installments beginning December 2019, in the amount of $30.00 for 14 months with a balloon payment of $3,596.10 due February 1, 2021, which includes interest at 4%.   The claim of the Franchise Tax Board will be paid in full over a period not exceeding 5 years from the order of relief.

      3.04    <u>United States Trustee Fees</u>.   All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.   Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date. Debtor shall pay post-confirmation U.S. Trustee Fees as they are incurred.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

      4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – U.S. Bank Trust N.A. (secured by 1256 Tropical Cove, Gulfport, Mississippi) | Impaired | Class 1 shall be paid in equal monthly installments of $419.40 with the first payment due on 12/1/19 and a final payment due on 11/1/49. Interest will accrue at the rate of 4%. Debtor responsible for insurance and taxes. |
| Class 2 – Bank of America N.A. (secured by 1288 Tropical Court, Gulfport, Mississippi) | Impaired | Class 2 shall be paid in equal monthly installments of $238.71 with the first payment due on 12/1/19 and a final payment due on 11/1/49. Interest will accrue at the rate of 4%. Debtor responsible for insurance and taxes. |
| Class 3 – Bank of America N.A. (secured by 1290 Tropical Court, Gulfport, Mississippi) | Impaired | Class 3 shall be paid in equal monthly installments of $238.71 with the first payment due on 12/1/19 and a final payment due on 11/1/49. Interest will accrue at the rate of 4%. Debtor responsible for insurance and taxes. |
| Class 4 – Bank of America N.A. (secured by 1296 Tropical Court, Gulfport, Mississippi) | Impaired | Class 4 shall be paid in equal monthly installments of $238.71 with the first payment due on 12/1/19 and a final payment due on 11/1/49. Interest will accrue at the rate of 4%. Debtor responsible for insurance and taxes. |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                  Best Case Bankruptcy
Case: 16-50906   Doc# 263   Filed: 12/06/19   Entered: 12/06/19 14:42:41   Page 2 of 5

| | | |
|---|---|---|
| Class 5 – Specialized Loan Servicing, LLC (secured by 2222 30th Street, Gulfport, Mississippi) | Impaired and Disputed Debtor believes that Creditor has not taken into account all payments tendered by Debtor. If Debtor is unable to reach a compromise regarding the claim amount, Debtor reserves the right to file an objection to Creditor's claim. | Class 5 shall be paid in monthly installments of $675.69 for 360 months beginning on 12/1/19 and a final payment due on 11/1/49. Debtor responsible for insurance and taxes. |
| Class 6 – U.S. Bank Trust N.A. (secured by 5445 Quail Creek, Biloxi, Mississippi | Impaired and Disputed Debtor believes that Creditor has not taken into account all payments tendered by Debtor. If Debtor is unable to reach a compromise regarding the claim amount, Debtor reserves the right to file an objection to Creditor's claim. | Class 6 shall be paid in monthly installments of $240.00 for 36 months beginning on 12/1/19 and then 324 equal monthly installments of $270.54 with a final payment due on 11/1/49. Debtor responsible for insurance and taxes. |
| Class 7 – U.S. Bank N.A. (secured by 19024 Fieldstone Ct., Salinas, California | Impaired | The property securing the Class 7 creditor's loan shall be surrendered and the creditor shall be entitled to proceed with its state law remedies against the property. |
| Class 8 – General Unsecured Creditors | Impaired | Class 8 shall be paid $38,640.00 in the 60 month after the effective date. Class 8 creditors are expected to be paid 3.9% of their claims without interest. |
| Class 9 – Equity Interest Holders | Unimpaired | Class 9 shall be entitled to the net rental income after ordinary and necessary expenses and plan payments. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

     5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

     5.02    Delay of Distribution on a Disputed Claim. Distributions will be made on account of a disputed claims consistent with the Plan terms until a final, non-appealable order is entered by the Court, at which time the payments will be recalculated consistent with the Court's order.

     5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     6.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

| Name of Other Parties to Lease or Contract | Description of Contract or Lease |
|---|---|
| Sally Kirby, Shelby Kirby & Trace King | Residential Lease – 1256 Tropical Cove |
| Tatianna Graham | Residential Lease – 1288 Tropical Cove |
| Kawenta Harvey | Residential Lease – 1290 Tropical Cove |
| Tiffany Godwin & Johnny Taylor | Residential Lease – 1296 Tropical Cove |
| Sarah McKinney | Residential Lease – 5445 Quail Creek |
| Robin Tapper & Ann Vincent | Residential Lease – 5447 Quail Creek |
| Maria Cortez | Residential Lease – 2222 30th Street, Unit #A |
| Glenn Robinson | Residential Lease – 2222 30th Street, Unit #B |
| Sandra Howard | Residential Lease – 2222 30th Street, Unit #C |

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor will fund the Plan from future rental income. Dr. Michael Noble will continue to act as manager of Debtor.

## ARTICLE VIII
## DEFAULT PROVISIONS

Upon Debtor's default in making any payments required by the Plan of Reorganization, the Creditor must serve written notice of default to Debtor and Debtor's attorney. If Debtor fails to cure the default within fifteen (15) days after mailing such notice, Creditor may proceed without further order of the Court with its state law remedies.

## ARTICLE IX
## GENERAL PROVISIONS

9.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

9.02 Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

9.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

9.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06  <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.   The residential leases for those rental real properties located in Mississippi shall be governed by the laws of the State of Mississippi.

9.07  <u>Corporate Governance</u>.   Except as herein provided, the rights of Debtor's sole member shall be consistent with Alaska law and any Operating Agreement in effect when the case was filed.

## ARTICLE X
## DISCHARGE OF DEBTOR

10.01  <u>Discharge</u>.   Debtor shall be entitled to a discharge upon entry of an order confirming this Plan.

## ARTICLE XI
## OTHER PROVISIONS

Debtor retains the right to pay its obligations under the Plan from the sale of real property owned by Debtor. Debtor also retains the right to surrender any real property at which time the affected secured creditor shall be allowed to proceed with a non-judicial foreclosure of its security.

Respectfully submitted,

By: */s/Michael Noble*
**Dr. Michael Noble**
The Plan Proponent

By: */s/Ralph P. Guenther*
**Ralph P. Guenther 124245**
Attorney for the Plan Proponent